IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                          CRIMINAL ACTION NO. 2:22-cr-197-1

THOMAS MATTHEW BLANKENSHIP

MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to Standing Order entered October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive

application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on January 26, 2024, this case was designated for Expedited consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, addendum to the PSR from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with§ 3582(c)(2), and public safety. By its written and filed response, the United States does not object to the reduction ordered herein. [ECF No. 62].

On May 4, 2023, Mr. Blankenship pled guilty to possession with the intent to distribute 40 grams or more of fentanyl and a quantity of methamphetamine and possession of a firearm in furtherance of that crime, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A), as charged against him in Counts One and Two of the Indictment filed against him. [ECF No. 35]. On August 8, 2023, Mr. Blankenship was sentenced to 80 months of imprisonment for Count One and 60 months of imprisonment for Count Two to run consecutively, totaling 140 months of imprisonment, to be followed by five years of supervised release. [ECF No. 54].

At the time of his sentencing, Mr. Blankenship had a subtotal of eight criminal history points, and two points were added for "status" pursuant to U.S.S.G. § 4A1.1(d), for a total of ten criminal history points and a Criminal History Category of V. [ECF No. 57, ¶¶ 45–47]. Based on a total offense level of 21 and a Criminal History Category of V, Mr. Blankenship was subject to a guideline range of 70 to 87 months imprisonment for Count One. *Id.* ¶¶ 34, 45–47. Following the implementation of Amendment 821, Mr. Blankenship would not receive any status points, reducing his total points from ten to eight. One point is then added pursuant to U.S.S.G. § 4A1.1(e) (Nov. 2023) because Mr. Blankenship committed the offense of conviction while under a criminal justice sentence, resulting in a total of nine criminal history points and lowering his Criminal History Category from V to IV.

Based on a total offense level of 21 and a Criminal History Category of IV, the amended advisory guideline range for Count One would become 57 to 71 months; however, because Count One carries a statutory mandatory minimum of 60 months, the amended advisory guideline range for Count One becomes 60 to 71 months.

Based on the foregoing considerations, the Motion is **GRANTED**. The Court **ORDERS** that Defendant's Criminal History Category be reduced from Category V to Category IV, for a new advisory guideline range of 60 months to 71 months. It is further **ORDERED** that Defendant's previous sentence for Count One be reduced to a period of 60 months, with credit for time served to date, effective February 13, 2024. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the judgment entered August 8, 2023,

shall remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER:      February 13, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE